UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

    Family Christian, LLC *et al.*[1],        Case No. GG15-00643
                                                             (Joint Administration Proposed)
                                                             Chapter 11
                                                             Honorable John T. Gregg
                                                            Hearing: February 17, 2015 at
                                                            9:00 a.m. in Grand Rapids

                                      Debtor./
_____

UNITED STATES TRUSTEE'S OBJECTION TO
DEBTORS' EMERGENCY MOTION FOR AN ORDER
AUTHORIZING THE USE OF CASH COLLATERAL

       Daniel M. McDermott, United States Trustee for Region 9, objects, pursuant to his authority under 11 U.S.C. Section 307 and 28 U.S.C. Section 586(a)(3), to the Debtors' Emergency Motion for an Order Authorizing the Use of Cash Collateral, (DN 14), for the following reasons:

       1. Pursuant to 28 U.S.C. 586, the United States Trustee ("UST") is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code.[2]

---

[1] The Debtors are: Family Christian, LLC, (Case No. GG15-00643); Family Christian Holding, LLC, (Case No. GG15-00642); and FCS Giftco, LLC, (Case No. GG15-00644).

[2] This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See, United States Trustee v. Columbia Gas Sys., Inc., (In re Columbia Gas Sys.,Inc.)*,

2. The UST has standing to be heard pursuant to 11 U.S.C. Sections 307 and 327.

3. Each of the debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 11, 2015. The debtors have filed a motion requesting joint administration of their cases, which motion is pending at this time.

4. The debtors have filed a number of "First Day Motions." Included in these First Day Motions is the "Debtors' Emergency Motion for an Order Authorizing the Use of Cash Collateral" (hereinafter, the "Motion"). The Motion asks that the Court grant the debtors permission to use cash collateral on an interim basis pending a final hearing upon certain terms. The United States Trustee objects to the Motion for the following reasons.

*The Replacement Lien and the Administrative Priority Claim*

5. The Motion states that Family Christian, LLC, (the "Operating Debtor") is indebted to FC Special Funding, LLC, as assignee of JP Morgan Chase Bank, N.A., individually and in its role as agent (the Senior Lender) on a revolving line of credit (the "Revolver").  (DN 14, page 3, paragraph 8.) The Operating Debtor is also indebted to Credit Suisse AG individually and in its role as agent (the "Junior Lenders," and when together with the Senior Lender, the "Secured Lenders") on a Term Loan. (DN 14, page 4, paragraph 9.) The balance due on the revolver is approximately $23 million, and the balance due on the term loan is approximately $34 million. (DN 14, page 5, paragraph 11.)

---

33 F.3d 294, 295-6 (3d Cir. 1994)(noting that the UST has "public interest standing" under 11 U.S.C. section 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc., (In re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir. 1990)(describing the UST as a "watchdog").

6. The Motion states that in order to provide adequate protection to the Secured Lenders for the use of cash collateral, the Secured Lenders shall be granted, *inter alia*, a replacement lien in the *Operating Debtor's* post-petition assets and the Senior Lender shall be granted an administrative expense claim under section 507(b). (DN 14, page 7, paragraph 19.)

7. However, the proposed Interim Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. Section 363 states that the Secured Lenders shall be granted a lien "in all of the *Debtors'* assets."   The proposed Interim Order authorizes a much broader lien than that requested in the motion, and would cross-collateralize the Operating Debtor's debts with the assets of the other two debtors. None of these debtors have filed any schedules yet. Therefore, the Motion does not offer any reason for granting cross-collateralization, and without schedules, the Court cannot know what the effect of such cross-collateralization would be.

8. The debtors have requested joint administration, but not substantive consolidation. If the court grants cross-collateralization of the Operating Debtor's debts, that may in result in the effective substantive consolidation of these cases without the debtors having shown the necessity for substantive consolidation.

9. The proposed Interim Order also apparently grants an Administrative Priority Claim to the Senior Lender in all three cases. Again, these cases have not been substantively consolidated, and this provision may effect a de facto substantive consolidation of the cases.

10. The Motion and proposed Interim Order state that the Secured Lenders shall not have a replacement lien in the Article V recoveries. (DN 14, page 7; DN 14-2, page 4.) However, allowing the Senior Lender an administrative claim allows the Senior Lender to be paid from those recoveries, if there are any, or from any other unencumbered assets.

*FC Special Funding, LLC*

11. As Noted above, the Operating Debtor is indebted to FC Special Funding, LLC, as assignee of JP Morgan Chase Bank, N.A., individually as assignee and in its role as agent.

12. According to the "Declaration of Chuck Bengochea In Support of Chapter 11 Petition and First Day Motions," Family Christian Stores was purchased by its current ownership in 2012, and that transaction apparently gave rise to the debt owed to FC Special Funding, LLC. (DN 11, page 5, paragraphs 13 and 15.)

13. The United States Trustee requests that the debtors explain more fully how the debt to FC Special Funding, LLC, arose, describe the nature of the 2012 transaction, and disclose any and all connections between the debtors, their management, their ownership, Richard Jackson, and FC Special Funding, LLC.

*The Carve Out*

14. Paragraph 5 of the Interim Order provides for a Carve Out for the Court approved estate professionals. (DN 14-2, page 6.)

15. The United States Trustee objects to the Carve Out because it excludes any consumer privacy ombudsman, if one is required and appointed under 11 U.S.C. Section 332.

16. The United States Trustee objects to the Carve Out because it excludes professionals for any Unsecured Creditors' Committee.

17. The United States Trustee objects to the Carve Out because professionals are prohibited from using the proceeds of the carve out to fund any objection to the Secured Lenders' claims. The estate and committee professionals have a fiduciary duty to review the Secured Lenders' claims, and, if appropriate, object to those claims.

18. The United States Trustee objects to any reading of the proposed Interim Order that would determine any party's rights under *Specker Motor Sales Co. v. Eisen,* 393 F.3d 659 (6th Cir. 2004).

*The Section 506(c) Waiver*

19. At paragraph 15, the proposed Interim Order provides that the debtors waive their rights of surcharge under section 506(c). (DN 14-2, page 10.)

20. At paragraph 20, the proposed Interim Order provides that it is binding upon the debtors and any subsequently appointed Chapter 7 Trustee. (DN 14-2, page 12.)

21. The United States Trustee objects to the debtors' waiver of their surcharge rights under Section 506(c). Upon information and belief, under the terms of the proposed sale there will not be sufficient funds to pay all the secured debt, let alone make a distribution to any priority or general unsecured debt. This is exactly the situation that

Section 506(c) was designed for, so that if the estate had to expend funds to protect a secured creditor's collateral, and the expense turned out to have no benefit to the estate, then the estate could seek reimbursement from the secured creditor.

22. The United States Trustee also objects to the provision making the waiver of Section 506(c) rights binding upon any subsequent Chapter 7 Trustee. For the reasons stated in the prior paragraph, the estate should never waive its rights under Section 506(c), especially in a case like this one where there may be no equity in the assets for the estate. More specifically, if this case does convert to one under Chapter 7, any trustee may be required to preserve the assets, but lack the ability to fund those efforts without recourse to a Section 506(c) surcharge. Indeed, no trustee in any chapter should be bound by the waiver of surcharge rights under section 506(c).

*The Finding of Good Faith*

23. At paragraph 19, the proposed Interim Order makes findings, including that the agreement for the use of cash collateral has been negotiated at arms' length and in good faith. (DN 14-2, page 11.) The Motion does not state any basis for this finding. The United States Trustee does not believe that the "Declaration of Chuck Bengochea In Support of Chapter 11 Petition and First Day Motions," (DN 11), provides a sufficient basis for these findings either. The United States Trustee objects to paragraph 19, at least until testimony has been proffered or given that would form a basis for these findings.

*The Challenge Period*

24. The proposed Interim Order provides at paragraph 22 that any official committee of unsecured creditors may have until March 30, 2015, or 45 days after the filing of a Secured Lender's proof of claim, in which to object to the validity, amount perfection, priority, extent or enforceability of the claims or liens of the Secured Lenders. (DN 14-2.)

25. It is unclear whether the challenge period ends on the earlier or the later of March 30, 2015 or 45 days after the filing of a Secured Lender's proof of claim.

26. The United States Trustee has solicited unsecured creditors to join an official unsecured creditors' committee. Unfortunately, since these cases have just been filed, the United States Trustee has not been able to appoint that committee yet.

27. The United States Trustee requests that any official committee of unsecured creditors be given 60 days from the date of the appointment of committee counsel in which to file any objection or challenge to the claims of the Secured Lenders.

28. The United States Trustee also asks that the scope of the committee's right to challenge be expanded to include the rights granted under any Interim Order. The debtors are seeking permission to use cash collateral for only 26 days, but in return they appear to be granting some permanent concessions, such as the waiver of rights under Section 506(c). A committee should be able to challenge those permanent concessions.

*The Proposed Budget*

29. The proposed budget (DN 14-1, page 2) includes $105,732 for "Travel and Entertainment" and $397,026 for "Other" over four weeks. These expenditures should be explained.

*Benefit to the Estate*

30. Based upon the United States Trustee's understanding of the facts at this moment, it does not appear that there will be sufficient funds from any sale to pay the secured creditors in full, let alone any priority or general unsecured debts. If that is true, the United States Trustee is concerned about where this case is going, and whether there will be any benefit to the unsecured creditors. If there is no benefit to the unsecured creditors, it is unclear why the estate should enter into this agreement.

Therefore, the United States Trustee asks that the Court decline to grant the requested relief, or that the Court grant such other relief as the Court may deem just.

                                            Respectfully submitted,
                                            DANIEL M. McDERMOTT
                                            United States Trustee
                                            Region 9

Date:_____          By:_____
                                          By: */s/ Michael V. Maggio*
                                                 Michael V. Maggio
                                                 Trial Attorney
                                                 Office of the United States Trustee
                                                 United States Department of Justice
                                                 The Ledyard Building, Second Floor
                                                 125 Ottawa NW, Suite 200R
                                                 Grand Rapids, Michigan 49503
                                                 Tel: (616) 456-2002, ext. 114