UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

**FAMILY CHRISTIAN, LLC** *et al*[1]

    Debtor

_____/

Chapter 11

Case No. 15-00643-jtg
(Joint Administration Proposed)
Hon. John T. Gregg

### HENDRICKSON PUBLISHERS, LLC'S LIMITED OBJECTION TO DEBTORS' EMERGENCY MOTION FOR AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL

Hendrickson Publishers, LLC (*"Hendrickson"*) submits the following limited objections to the Debtors' Emergency Motion for an Order Authorizing the Use of Cash Collateral (the *"Motion"*):

1. Hendrickson is one of 178 entities providing inventory to Family Christian, LLC (the *"Operating Debtor"*) on a consignment basis.

2. Although the Bengochea Declaration filed in support of the First Day Motions briefly describes the consignment inventory, the Motion and Bengochea Declaration are devoid of any meaningful discussion of the impact the use of cash collateral will have on consignors including, but not limited to, whether the Operating Debtor intends to continue to honor its pre-petition consignment agreements and whether the Operating Debtor intends to turn-over the proceeds of pre-petition consignment sales to the consignors.

3. It is also unclear from the Motion and Bengochea Declaration what the Budget line item entitled "Inventory Payments" is intended to cover. Is this just post-petition inventory purchases or does it also include payments to consignors, like Hendrickson, on account of consignment inventory delivered pre-petition? Without more

---

[1] The Debtors are Family Christian, LLC (Case No. 15-00643), Family Christian Holding, LLC (Case NO. 15-

detail on this line item, consignors and creditors alike are left to guess what the Debtors intend.

4. As a result, Hendrickson must object to the Debtors' use of cash collateral to the extent (i) the Debtors' use of cash collateral diminishes, impairs or negatively impacts consignors' right, title and interest in and to their respective consigned inventory and the proceeds thereof, and (ii) the "Inventory Payment" line item does not adequately protect consignors' right, title and interest in their respective consigned inventory and the proceeds thereof.

5. Finally, Hendrickson concurs in the objections raised in Paragraphs 7, 9, 13, 29, and 30 of the US Trustee's Objection to Debtors' Motion (Docket # 39).

DATED: February 16, 2015　　　　　　　DICKINSON WRIGHT PLLC

By: /s/ Allison R. Bach
Michael C. Hammer (P41705)
Allison R. Bach (P68299)
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
E-mail: abach@dickinsonwright.com
(313) 223-3604
*Attorneys for Hendrickson Publishers, LLC*

---

00642) and FCS Giftco, LLC (Case No. 15-00644).

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Chapter 11 |
| **FAMILY CHRISTIAN, LLC** *et al*[1] | Case No. 15-00643-jtg |
| Debtor | Hon. John T. Gregg |
| _____/ | |

## CERTIFICATE OF SERVICE

I, Allison Bach, hereby certify that on February 15, 2015, I electronically filed **Hendrickson Publishers, LLC's Limited Objection to Debtors' Emergency Motion for an Order Authorizing the Use of Cash Collateral;** and this **Certificate of Service** with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

DATED:  February 16, 2015               DICKINSON WRIGHT PLLC

By: /s/ Allison R. Bach
Allison R. Bach (P68299)
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
E-mail:  abach@dickinsonwright.com
(313) 223-3604
*Attorneys for Hendrickson Publishers, LLC*

DETROIT 99998-1260 1341423v1

---

[1] The Debtors are Family Christian, LLC (Case No. 15-00643), Family Christian Holding, LLC (Case NO. 15-00642) and FCS Giftco, LLC (Case No. 15-00644).