UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                    CHAPTER 11

**FAMILY CHRISTIAN, LLC** *et al.* [1]          CASE NO. 15-00643-jtg
                                                          (Joint Administration)
                    **Debtors.**
_____ /       HON. JOHN T. GREGG

## DEBTORS' MOTION FOR EXTENSION OF THE EXCLUSIVE PERIOD TO FILE AND SOLICIT A PLAN

**COME NOW**, the above-captioned debtors (collectively, the "**Debtors**"), by and through undersigned counsel, and respectfully file their Motion for Extension of the Exclusive Periods to File and Solicit a Plan (this "**Motion**"), and in support thereof, respectfully show the Court as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

4. On or about February 11, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Western District of Michigan (this "**Court**"), thereby commencing these chapter 11 cases (these "**Cases**").

5. The Debtors continue to be in possession of their property and they are operating

---

[1] The Debtors are: Family Christian, LLC (Case No. 15-00643-jtg), Family Christian Holding, LLC (Case No. 15-00642-jtg), and FCS Giftco, LLC (Case No. 15-00644-jtg).

24180023 v1

and managing their business as debtors in possession pursuant to the provisions of §§ 1107(a) and 1108 of the Bankruptcy Code.

6. On or about February 12, 2015, the Debtors filed a Motion to Sell Substantially All of the Debtors' Assets [Dkt. No. 30] (the "**First Sale Motion**") to a proposed stalking horse bidder, FCS Acquisition, LLC, subject to higher and better bids.

7. After the filing of the First Sale Motion, the Debtors received a number of vigorous objections to the relief requested in the First Sale Motion.

8. Consequently, FCS Acquisition, LLC gave notice of its intent to withdraw the proposed stalking horse bid on March 14, 2015.

9. On March 16, 2015, the Debtors filed a Notice of Withdrawal of the First Sale Motion. See Dkt. No. 358.

10. On March 19, 2015, the Court held a hearing to address a number of matters, at which counsel for the Debtors received significant support from interested parties to proceed with the filing of a new sale motion.

11. As a result, on or about March 30, 2015, the Debtors filed their Motion for (I) An Order (A) Approving Bidding Procedures for the Proposed Sale of Substantially All of the Debtors' Assets and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (B) Approving the Establishment of Cure Amounts, and (C) Approving the Form and Manner of Notice Thereof; and (II) An Order (A) Authorizing Procedures for the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens and (B) Authorizing the Assumption and Assignment of Executory Contracts and Leases, and (C) Granting Related Relief [Dkt. No. 487] (the "**Second Sale Motion**").

12. On or about April 16, 2015, this Court entered its Order (A) Approving Bidding

Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Approving the Form and Manner of Notice Thereof, and (C) Granting Related Relief [Dkt. No. 597] (the "**Bidding Procedures Order**")[2].

13. Pursuant to the Bidding Procedures Order, this Court approved certain procedures for the marketing and sale of substantially all of the Debtors' property (the "**Sale**"), which provides for, inter alia, (a) the Auction to occur on May 21, 2015; (b) the Sale Hearing to occur on June 4, 2015; and (c) the Closing to occur on or before June 8, 2015. See Bidding Procedures Order, ¶¶ 5-6, Exhibit A thereto, § 12.

## RELIEF REQUESTED

14. Pursuant to § 1121(c), the original one hundred twenty (120) day exclusive period for the Debtors to file a chapter 11 plan will expire on June 11, 2015 and the original one hundred eighty (180) day exclusive time period for the Debtors to solicit votes on any such plan will expire on August 10, 2015 (such time periods being hereinafter referred to as the "**Exclusive Period**").

15. By this Motion, the Debtors seek a one hundred twenty (120) day extension of the Exclusive Period by which the Debtors (a) may file a plan until October 9, 2015 and (b) solicit vote on any such plan until December 8, 2015.

## BASIS FOR RELIEF

16. The Debtors require additional time to formulate and file a plan.

17. Since the Petition Date, the Debtors have been actively pursuing a sale process as evidenced by the filing of the First Sale Motion and the Second Sale Motion.

18. The Debtors are optimistic that closing of the Sale will occur as soon as possible

---

[2] Each capitalized term used, but not otherwise defined herein, shall have the meaning ascribed to such term in the Bidding Procedures Order.

24180023 v1

after the June 4, 2015 Sale Hearing and, in any event, no later than June 8, 2015.

19. The Debtors have expended a substantial amount of time, energy, and resources in this case in proceeding with the Sale process and anticipate expending similar amounts in the weeks and days leading up to the Sale Hearing and Closing.

20. As the Sale Hearing is only one week prior to the expiration of the June 11, 2015 plan filing exclusivity period, it will be impossible for the Debtors to develop a plan in light of (a) the Sale process and (b) the uncertainty associated therewith.

21. The Debtors assert that it is in the best interests of the estates and the parties in interest in these Cases for the primary focus at this stage of the case to be on achieving a successful Sale.

22. Pursuant to 11 U.S.C. § 1121(d), this Court may extend the Exclusive Period and for the reasons stated above, good cause exists for this Court to do so.

23. For these reasons, the Debtors respectfully request that the Court grant the Debtors a one hundred twenty (120) day extension of the Exclusive Period by which the Debtors (a) may file a plan until October 9, 2015 and (b) solicit vote on any such plan until December 8, 2015.

**WHEREFORE**, the Debtors respectfully request that (i) the Court grant this Motion and enter an Order granting the Debtors a one hundred twenty (120) day extension of the Exclusive Period by which the Debtors (a) may file a plan until October 9, 2015 and (b) solicit vote on any such plan until December 8, 2015 and (ii) grant the Debtors such other and further relief as is just and equitable.

|  |  |
|---|---|
| | Respectfully submitted, |
| | KELLER & ALMASSIAN, PLC |
| Dated: May 19, 2015 | |
| | /s/ A. Todd Almassian |
| | A. Todd Almassian (P55467) |
| | Greg J. Ekdahl (P67768) |
| | 230 East Fulton |
| | Grand Rapids, MI 49503 |
| | (616)364-2100 |
| | ecf@kalawgr.com |
| | |
| | - and - |
| | |
| | BURR & FORMAN LLP |
| | Erich Durlacher (Ga Bar No. 235563) |
| | Brad Baldwin (Ga Bar No. 034220) |
| | |
| | 171  17th Street, N.W. - Suite 1100 |
| | Atlanta, Georgia  30363 |
| | Telephone:  (404) 815-3000 |
| | Facsimile:   (404) 817-3244 |
| | |
| | *Attorneys To The Debtors and Debtors-in-Possession* |

24180023 v1