**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

In re:

**FAMILY CHRISTIAN, LLC** *et al.*[1]

**Debtors.**

_____/

**CHAPTER 11**

**CASE NO. 15-00643-jtg**
**(Joint Administration)**

**HON. JOHN T. GREGG**

**ORDER APPROVING (I) THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF
THE DEBTORS TO FC SPECIAL FUNDING, LLC, (II) THE ASSUMPTION AND
ASSIGNMENT OF DESIGNATED EXECUTORY CONTRACTS AND LEASES TO FC
SPECIAL FUNDING, LLC**

In connection with, and having considered **(1)** *Debtors' Motion for (I) An Order (A)
Approving Bidding Procedures for the Proposed Sale of Substantially All of the Debtors' Assets
and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (B)
Approving the Establishment of Cure Amounts, and (C) Approving the Form and Manner of
Notice Thereof; and (II) An Order (A) Authorizing Procedures for the Sale of Substantially All of
the Debtors' Assets Free and Clear of Liens and (B) Authorizing the Assumption and Assignment
of Executory Contracts and Leases, and (C) Granting Related Relief* (Docket No. 487; the "Sale
Motion"); **(2)** the Court's *Order (A) Approving Bidding Procedures for the Sale of Substantially
All of the Debtors' Assets, (B) Approving the Form and Manner of Notice Thereof, and (C)
Granting Related Relief* (Docket No. 597; the "Sale Procedures Order"); **(3)** Debtors' *Notice of
Auction Results and Selection of Successful Bid and Next Highest Bid* (Docket No. 742; the "Bid
Selection"), including the *Asset Purchase and Settlement Agreement* annexed hereto as
**Exhibit A** (Docket No. 742-6; the "Agreement") between Debtors and creditor, FC Special
Funding, LLC ("Special Funding"), for the purchase of substantially all of the Debtors' assets on
which Special Funding holds a valid, first-priority lien and, in the event Debtors exercise an

---

[1] The Debtors are Family Christian, LLC, Family Christian Holdings, LLC, and FCS Giftco, LLC (collectively, the
"Debtors").

option pursuant to the Agreement, the Term Loan Collateral (as that term is defined in the Agreement; collectively, and as set forth with greater particularity in the Agreement, the "Assets") following the auction (the "Auction") conducted in accordance with the Sale Procedures Order; and **(4)** the related objections, briefing, exhibits, and evidence in connection with the foregoing; and it appearing to the Court that the approval of the Agreement, the sale of the Assets free and clear of all Liens, Claims, Encumbrances and Interests (as defined herein), with such Liens, Claims, Encumbrances and attaching to the sale proceeds with same validity and priority that existed as of the Petition Date (the "Sale") is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the foregoing and the relief requested by Debtors pursuant to 28 U.S.C. §§ 157 and 1334 for approval of the Sale in the form of this order (the "Approval Order"); consideration of the Sale Motion, Sale Procedures Order, Bid Selection, Agreement and Sale being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Sale Motion, Sale Procedures Order, Bid Selection, Agreement and Sale having been adequate and appropriate under the circumstances; a hearing having been held by this Court (the "Sale Hearing"); and after due deliberation and sufficient cause appearing therefor:

## THE COURT HEREBY FINDS AND DETERMINES THAT:[2]

**A.**    Jurisdiction, Final Order, Immediate Implementation and Statutory Bases

1.    This Court has jurisdiction to approve the Sale on the terms set forth herein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    This Approval Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Approval Order, and expressly directs entry of judgment as set forth herein.

3.    The statutory bases for the relief requested in the Motion and entry of this Sale Order are sections 105(a), 363(b), (f) and (m), and 365(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002(a)(2), 6004(a), (b), (c), (e), (f) and (h), 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1 and 9018-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Western District of Michigan (the "Local Rules").

---

[2]   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. All findings and conclusions of law announced by the Court at the Sale Hearing in relation to the Motion and the Sale are hereby incorporated herein to the extent not inconsistent herewith.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

4.      On February 11, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**B.**      Notice of the Sale

5.      Notice of the Sale Motion and Debtors' request for expedited consideration of the Sale Motion is evidenced by Debtors' certificate of service thereof (Docket No. 489), the certificate of service of notice of the Sale Motion (Docket No. 682) and the certificate of service of the notice to counterparties ("Counterparties") to Debtors' executory contracts and unexpired leases (the "Seller Contracts") regarding the proposed assumption and assignment of the Seller Contracts (Docket No. 683) and the certificate of service of the Bid Notice (Docket No. 747) each evidence appropriate notice to all potential bidders, creditors, other parties in interest and all parties requesting notice (the "Notice Parties") of the Sale and its terms.  Pursuant to the Bid Procedures Order, the Court entered a *Second Amended Order Regarding Bidding Procedures for the Sale of Substantially All of the Debtors' Assets* (the "Scheduling Order") setting forth an amended schedule with deadlines to object to the approval of the Sale and take other related actions and setting June 9, 2015 at 9:00 a.m. (EST) as the date of the Sale Hearing.  Notice of the amended deadlines set forth in the Scheduling Order was provided to all Notice Parties by the Bankruptcy Noticing Center as reflected by the Court's docket.

6.      As evidenced by the certificates of service filed with the Court, proper, timely, adequate and sufficient notice of the Sale Motion, Bid Notice, the Agreement, the Sale and the Sale Hearing has been provided in accordance with Bankruptcy Code sections 105(a) and

-4-

363, and Bankruptcy Rules 2002, 6004, 9007 and 9008.  The notices described herein were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the hearing on the Motion, or the Agreement is or shall be required.

**C.**     Highest and Best Offer

7.     Based upon the testimony and other evidence proffered or adduced at the Sale Hearing or submitted by affidavit or declaration at or prior to such hearing:

a.     Debtors have marketed the Assets subject to the Sale through the date of the deadline to submit bids pursuant to the Sale Procedures Order.

b.     Debtors did not receive any other offers for the Assets that were higher and better than the offer provided by Special Funding under the Agreement.

c.     The Agreement represents a fair and reasonable offer to purchase the Assets and under the circumstances of these cases is the highest and best offer to purchase the Assets.

d.     Approval of the Sale Motion and the Agreement and the consummation of the transactions contemplated thereby are in the best interests of the Debtors, their estates, their creditors and other parties in interest.

e.     Debtors have demonstrated compelling circumstances and a good, sufficient and sound business purpose and justification for the Sale.  Such business reasons include, but are not limited to, the facts that: (i) the Agreement constitutes the highest and best offer for Assets and the liabilities assumed pursuant to the terms of the Agreement (the "Assumed Liabilities"); (ii) there is substantial risk of deterioration of the value of the respective

Assets if the Agreement is not consummated quickly; (iii) the Agreement presents the best opportunity to realize the value of the Assets; and (iv) unless the Sale is concluded expeditiously, potential creditor recoveries may be substantially diminished.

**D.**      Good Faith of the Buyer

8.      Special Funding is not an "insider" of any of Debtors, as that term is defined in Bankruptcy Code section 101(31).

9.      The Agreement was negotiated, proposed and entered into by Debtors and Special Funding without collusion, in good faith and from arms'-length bargaining positions.

10.      Neither the Debtors nor Special Funding has engaged in any conduct that would cause or permit the Agreement to be avoided under section 363(n) of the Bankruptcy Code.   Among other things, Special Funding has not acted in a collusive manner with any person.

11.      Special Funding is purchasing the Property and assuming the Assumed Liabilities (as applicable), in accordance with the Agreement, in good faith and is a good faith buyer within the meaning of Bankruptcy Code section 363(m), and is therefore entitled to all of the protections afforded by such provision, and otherwise has proceeded in good faith in all respects in connection with the Debtors' chapter 11 cases in that, among other things:  (a) Special Funding recognized that the Debtors were free to deal with any other party interested in acquiring the respective Assets and assuming the Assumed Liabilities; (b) Special Funding in no way induced or caused the chapter 11 filings by Debtors; and (c) all payments to be made by Special Funding in connection with the Agreement have been disclosed.

12.     Debtors and its professionals have complied, in good faith, with the requirements under the Bankruptcy Code, Bankruptcy Rules, and Local Rules in all respects.  As demonstrated by (a) any testimony and other evidence proffered or adduced at the Sale Hearing or submitted by affidavit or declaration at or prior to such hearing and (b) the representations of counsel made on the record at the Sale Hearing, Debtors (i) afforded interested potential purchasers a full, fair and reasonable opportunity to submit offers for the Assets; (ii) provided potential purchasers, upon request, with sufficient information to enable them to make an informed judgment on whether to submit a competing offer for the Assets; and (iii) considered all competing offers submitted on or before the Sale Hearing in strict accordance with the Sale Procedures Order.

**E.**     No Fraudulent Transfer

13.     The consideration provided by Special Funding pursuant to the Agreement (including, without limitation, the consideration contemplated pursuant to the option exercisable by Debtors , (a) is fair and reasonable, (b) is the highest and best offer for the Assets and Assumed Liabilities and (c) constitutes reasonably equivalent value and fair consideration (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, the Uniform Voidable Transactions Act and Bankruptcy Code section 548) under the laws of the United States, any state, territory, possession or the District of Columbia.

14.     The Agreement was not entered into for the purpose of hindering, delaying, preferring, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, the District of Columbia or of the laws of Canada,

any province, territory or possession. Neither Debtors nor Special Funding entered into the transactions contemplated by the Agreement fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

**F.**     No Continuation of the Debtors

15.     The transfer of the Assets to Special Funding under the Agreement and this Approval Order, except as expressly provided otherwise therein and herein, shall not result in Special Funding having any liability or responsibility (i) for any Liens, Claims, Encumbrances or Interests, and Special Funding shall not, as a result of closing on the sale and taking any actions to close on the sale, be deemed to (a) be a successor or mere continuation to Debtors or (b) have, de facto or otherwise, merged with or into Debtors, or (ii) to the Debtors or to third parties except as set forth in the Agreement. Without limiting the effect or scope of the foregoing, to the fullest extent permitted by law, the transfer of the Assets to Special Funding does not and will not subject Special Funding, or any of its respective properties (including the Assets) to any liability for Liens, Claims, Encumbrances, or Interests against Debtors or Liens, Claims, Encumbrances or Interests of Debtors in such Property by reason of such transfer under the laws of the United States or any state, territory or possession thereof, or the District of Columbia, including, without limitation, any bulk transfer laws or successor liability laws and similar theories.

**G.**     Validity of Transfer

16.     The Assets constitute property of Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code.

17.    Debtors have full corporate or limited liability company, as applicable, power and authority to execute and deliver Agreement and all other documents contemplated thereby.  Except as otherwise set forth herein, no consents or approvals, other than those expressly provided for in the Agreement are required for Debtors to consummate the Agreement and the transactions contemplated thereby.

18.    Pursuant to the Agreement and except as otherwise provided herein, the transfer of the Assets to Special Funding will be, as of the Closing Date (as that term is defined in the Agreement), a legal, valid and effective transfer of such assets, and vests or will vest Special Funding with all right, title and interest of Debtors to the Assets free and clear of all Liens, Claims, Encumbrances and Interests with all such Liens, Claims, Encumbrances and Interests attaching to the cash proceeds of the sale ultimately attributable to the Assets in which such creditor alleges a Lien, Claim, Encumbrance or Interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the sale, subject to any claims and defenses the Debtors' estates may possess with respect thereto, other than the Assumed Liabilities.

**H.**    Section 363(f) is Satisfied

19.    The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Trustee may sell the Assets free and clear of any Liens, Claims, Encumbrances and Interests in the Property with all such Liens, Claims, Encumbrances and Interests attaching to the cash proceeds of the sale ultimately attributable to the Assets in which such creditor alleges a Lien, Claim, Encumbrance or Interest, in the same order of priority, with

the same validity, force and effect that such creditor had prior to the sale, subject to any claims and defenses Debtors' estates may possess with respect thereto.

20.     Subject to the terms and conditions of this Approval Order, Debtors may sell the Assets in accordance with the Agreement free and clear of all Liens, Claims, Encumbrances and Interests in or against Debtors, their estates or any of the Assets with all such Liens, Claims, Encumbrances and Interests attaching to the cash proceeds of the sale ultimately attributable to the Assets in which such creditor alleges a Lien, Claim, Encumbrance or Interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the sale, subject to any claims and defenses Debtors' estates may possess with respect thereto because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied.  Those holders of Liens, Claims, Encumbrances and Interests in or against Debtors, their estates or any of the Assets who did not object, or who withdrew their objections, to the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code.  Subject to the terms and conditions of this Approval Order, those holders of such Liens, Claims, Encumbrances and Interests who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens, Claims, Encumbrances and Interests, if any, in each instance in or against Debtors, their estates or any of the Assets, attach to the cash proceeds, if any, of the sale ultimately attributable to the Assets in which such creditor alleges an interest, in the same priority, and with the same validity, force and effect that such creditor had as of the

-10-

Petition Date, subject to any claims and defenses the Debtors' estates may possess with respect thereto.

**I.**      Compelling Circumstances for an Immediate Sale

21.    Good and sufficient reasons for approval of the Agreement have been articulated.  The relief requested in the Sale Motion is in the best interests of Debtors, their estates, their creditors and all other parties in interest.  The Trustee has demonstrated both (a) good, sufficient and sound business purposes and justifications and (b) compelling circumstances for the sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and outside of a plan of reorganization, in that, among other things, the immediate implementation of this Approval Order and consummation of the Agreement is necessary both to preserve and maximize the value of the Debtors' assets for the benefit of the Debtors, their estates, their creditors and all other parties in interest, and the Sale will provide the means for Debtors to maximize creditor recoveries.

22.    To maximize the value of the Assets, it is essential that the sale occurs within the time constraints set forth in the Agreement.  Time is of the essence in consummating the Sale and preserving the value of the Assets.

23.    Given all of the circumstances of the Debtors' chapter 11 cases and the adequacy and fair value of the purchase price, the Sale constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved.

24.    The consummation of the Sale is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including sections 105(a), 363(b),

363(f), 363(m) and 365(a) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Sale.

## NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

**A.** General Provisions

25.     The relief requested in the Sale Motion is granted and approved, and the Sale contemplated by the Agreement is hereby approved as set forth therein.

26.     All objections and responses to the Sale Motion, including all reservations of rights included therein that have not been overruled, withdrawn, waived, settled, continued, or resolved, are hereby overruled and denied.

**B.** Approval of the Agreement

27.     The Sale of the Assets, the terms of the Agreement and all other ancillary documents, and all of the terms and conditions thereof, and the transactions contemplated thereby, are hereby authorized and approved as set forth herein.

28.     Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Agreement pursuant to and in accordance with the terms and conditions thereof and this Approval Order and (b) execute and deliver, perform under, consummate, implement and fully consummate the transactions contemplated by the Agreement, including, without limitation, documents that may be reasonably necessary or appropriate to implement the Agreement and such other additional instruments and documents.

29.     This Approval Order shall be binding in all respects upon Debtors, their

estates, all creditors of, and holders of equity interests in, any Debtor, any holders of liens, claims, liabilities, encumbrances, rights and interests in or against or on all or any portion of the Assets (whether known or unknown), Special Funding, other parties-in-interest, trustees, if any, subsequently appointed in any of Debtors' chapter 11 cases or dismissal of any of Debtors' chapter 11 cases.  This Approval Order and the Agreement shall inure to the benefit of Debtors, their estates and creditors, Special Funding and the respective successors and assigns of each of the foregoing.

**C.**      Transfer of the Property

30.      Pursuant to Bankruptcy Code sections 105(a), 363(b), 363(f) and 365(a), Debtors are authorized to transfer the Assets and the Assumed Liabilities to Special Funding on the Closing Date in accordance with the Agreement, and such transfer shall constitute a legal, valid, binding, and effective transfer of such Assets and Assumed Liabilities and shall vest Special Funding with title to the Assets.

31.      Except as otherwise expressly provided in the Agreement and the terms of this Approval Order, the Property shall be sold free and clear of all Liens, Claims, Encumbrances and Interests with all such Liens, Claims, Encumbrances and Interests attaching to the cash proceeds of the sale ultimately attributable to the Property in which such creditor alleges a Lien, Claim, Encumbrance or Interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the sale, subject to any claims and defenses the Trustee and the Debtors' estates may possess with respect thereto (other than the Assumed Liabilities) including, without limitation, the following:   liens (statutory or otherwise), hypothecation,

-13-

encumbrance, security interest, mortgage, pledge, restriction, charge, instrument, license, preference, priority, security agreement, easement, covenant, encroachment, option or other interest in the subject property, including any right of recovery, tax (including foreign, federal, state and local taxes), of any kind or nature (including (i) any conditional sale or other title retention agreement and any lease having substantially the same effect as any of the foregoing, (ii) any assignment or deposit arrangement in the nature of a security device, (iii) any leasehold interest, license or other right, in favor of a person other than Purchaser, to use any portion of the Property), whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or non-material, known or unknown (all of the foregoing collectively being referred to in this Approval Order as "Liens, Claims, Encumbrances and Interests", and, as used in this Approval Order, the term Claims includes, without limitation, any and all "claims" as that term is defined and used in the Bankruptcy Code, including section 101(5) thereof), with all such Liens, Claims, Encumbrances and Interests attaching to the cash proceeds of the sale ultimately attributable to the Assets in which such creditor alleges a Lien, Claim, Encumbrance or Interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the Sale, subject to any claims and defenses Debtors' estates may possess with respect thereto.

32.     Nothing in this Approval Order or the Agreement releases, nullifies, precludes, or enjoins the enforcement of any liability or obligation to a governmental unit under police and regulatory statutes or regulations to which any entity would be subject as the owner or operator of the Assets after the date of entry of this Approval Order.  Nothing in this Approval

-14-

Order or the Agreement authorizes the transfer of any governmental licenses, permits, registrations, or other governmental authorizations and approvals without compliance with all applicable legal requirements under non-bankruptcy law governing such transfers. Nothing in this Approval Order or Agreement divests any tribunal of any jurisdiction it may have under environmental law or other governmental regulatory non-bankruptcy law.

33.    For the avoidance of doubt the Liens, Claims, Encumbrances, and Interests include the liens in favor of the Term Loan Lenders (as defined in the Agreement) which the Term Loan Lenders possess or may possess in the Term Loan Collateral (as defined in the Agreement) solely to the extent Debtors make the appropriate election pursuant to Section 2.9 of the Agreement, and which shall attach to the Term Loan Collateral Cash Component (as defined in the Agreement) in the same order of priority, with the same validity, force and effect that the Term Loan Lenders had in the Term Loan Collateral prior to the Sale, subject to any claims and defenses Debtors' estates may possess with respect thereto.

34.    If any person or entity that has filed statements or other documents or agreements evidencing Liens, Claims, Encumbrances and Interests in or against all or any portion of the Assets (other than statements or documents with respect to the Assumed Liabilities) (each, a "Lien Registration Document") shall not have delivered to Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents (each, a "Lien Termination Document") necessary for the purpose of documenting the release of all Liens, Claims, Encumbrances and Interests which the person or entity has or may assert with

respect to all or any portion of the Assets, Debtors are hereby authorized and Special Funding is hereby authorized, to request that such parties execute and file Lien Termination Documents with respect to the Assets.

35.     On the Closing Date and except as otherwise provided herein, this Approval Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of Debtors' interests in the Assets to Special Funding and a full and complete general assignment and transfer of the Assumed Liabilities to Special Funding.

36.     A certified copy of this Approval Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Liens, Claims, Encumbrances and Interests of record on Property except those assumed as Assumed Liabilities.

**D.**     Purchase Price

37.     The aggregate consideration for the Sale and transfer of the Assets under the Agreement is an estimated range of approximately $39,150,000 to $41,230,000, inclusive of Special Funding's credit bid in the amount of $23,400,000 less (i) the amount necessary to resolve the title issue related to the Consignment Goods (as that term is defined in the Agreement) (in such case the consideration necessary to resolve the title dispute will be additional consideration towards the Purchase Price), and (ii) the Settlement Amount (defined in Section 2.8 of the Agreement) in the amount of $6,300,000, plus Special Funding's covenant not to sue Debtors for any deficiency (as described in Section 2.10 of the Agreement), the assumption of certain other Assumed Liabilities, including those related to the Assumed Real

Property Leases (as defined in the Agreement), and the Term Loan Collateral Cash Component equal to $2,650,000 upon Seller's exercise of its option to sell the Term Loan Collateral (collectively, the "Purchase Price").

**E.**     Claims Against Special Funding

38.     Except for the Assumed Liabilities, or as otherwise expressly provided for in this Approval Order or the Agreement, as applicable, Special Funding shall not have any liability or other obligation of Debtors arising under or related to any of the Assets.  Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Agreement, Special Funding shall not be liable for any Liens, Claims, Encumbrances or Interests that may be asserted against Debtors or any of their predecessors or affiliates, and Special Funding shall not be liable for any Liens, Claims, Encumbrances or Interests against Debtors including under any theory of antitrust, environmental, successor or transferee liability, labor law, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including liabilities on account of warranties, intercompany loans and receivables between or among Debtors, and any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of any of the Assets prior to the Closing.

39.     Except as otherwise provided in this Approval Order, the Agreement and the Assumed Liabilities, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade

creditors, dealers, employees, litigation claimants, and other creditors, holding **Liens, Claims, Encumbrances or Interests** of any kind or nature whatsoever, including, without limitation, rights or claims based on any taxes or successor or transferee liability, against or in Debtors or the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, Debtors, the Assets, or the operation of the Assets or business of Debtors before the Closing Date of the Agreement, or the transactions contemplated by the Agreement, are forever barred from asserting against Special Funding, its respective property and the Assets, such persons' or entities' **Liens, Claims, Encumbrances or Interests**, including, without limitation, rights or Claims based on any taxes or successor or transferee liability.

**F.**     Other Provisions

40.     The Purchase Price and other consideration provided by Special Funding to Debtors pursuant to the Agreement for the Assets, including the assumption of the Assumed Liabilities, constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, Uniform Voidable Transactions Act and under the laws of the United States, any state, territory, possession or the District of Columbia.

41.     The transactions contemplated by the Agreement are undertaken by Special Funding without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Agreement shall not affect the validity of the

Agreement, unless such authorization and such Agreement is duly stayed pending such appeal. Special Funding is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

42.     Notwithstanding anything herein to the contrary, pursuant to the Agreement and in consideration of the covenants and assumption of liabilities contained therein, upon the Closing Date, and without the need for the execution and delivery of additional documentation or the entry of any additional orders by this Court, and notwithstanding anything contained in any other order of this Court to the contrary, Debtors, along with any person acting for, derivatively, on behalf of, or claiming through them, including any committee appointed in any of these jointly-administered cases, and any trustee or examiner whether appointed in any of these jointly-administered cases or any subsequent case, for themselves and their respective past and present officers, directors, shareholders, partners, principals, members, managers, subsidiaries, parent companies, affiliates, agents, employees, successors and predecessors-in-interest, advisors, accountants, attorneys, representatives, and assigns ("Releasing Parties") irrevocably and unconditionally forever releases, acquits and forever discharges Special Funding, its members, subsidiaries, affiliates, directors, agents, servants, employees, representatives, officers, attorneys, successors and assigns of and from any and all past, present and future legal actions, choses in action, causes of action, rights, demands, suits, claims, lawsuits, adverse consequences, amounts paid in settlement, costs, fees, damages, and other obligations of any kind, character or nature whatsoever, whether in law, equity or otherwise (including, without limitation, those arising under Chapter 5 of the Bankruptcy Code and applicable non-bankruptcy

-19-

law, and any challenge to the type, nature, validity, perfection, priority, extent, enforceability, or amount of Special Funding's prepetition lien(s) or claims that Special Funding possesses in the Working Capital Collateral and Term Loan Collateral) occurring from the beginning of time to and including the date of the release (collectively, the "Released Matters").    Further, notwithstanding anything contained herein or within the Agreement to the contrary, this release is not intended to, nor shall it have the effect of releasing, any claim or cause of action, if any, arising under this Agreement or precluding the Releasing Parties from offering into evidence the fact and/or terms of this Agreement in connection with any action to enforce the same, provided that the fact of the negotiation of this Agreement shall not be admissible in any action and shall not form the basis for any claim or recovery therein.

   43. Pursuant to the Agreement, Special Funding has acknowledged and agreed to a covenant not to sue Debtors for any deficiency and shall not initiate any claims, demands, causes of action of any nature whatsoever from the beginning of time through and including the Closing Date of the Agreement against Debtors in connection with Debtors' failure to satisfy the outstanding indebtedness and obligations owed to Special Funding under the Senior Loan (as that term is defined in the Agreement).

   44. Any Assets of the Debtors sold to Special Funding pursuant to the Agreement that is in the control or possession of third parties shall be promptly turned over to Special Funding. The Court retains jurisdiction over any Assets that are in the control or possession of third parties for the purposes of enforcing the transfer of the Assets from Debtors to Special Funding pursuant to the terms of the Agreement.

45.     Upon the Debtors' receipt of the Purchase Price, Debtors are permitted to distribute the sale proceeds in accordance with the terms of the Agreement.

46.     Pursuant to Bankruptcy Rules 7062, 9014, and 6004(h), this Approval Order shall be effective immediately upon entry and Debtors and Special Funding are authorized to close the Agreement immediately upon entry of this Approval Order.

47.     No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Agreement.

48.     The failure specifically to include any particular provision of the Agreement in this Approval Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement is authorized and approved in its entirety; *provided*, *however*, that this Approval Order shall govern if there is any inconsistency between the Agreement (including all ancillary documents executed in connection therewith) and this Approval Order.  Likewise, all of the provisions of this Approval Order are non-severable and mutually dependent.

49.     The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement is not material.

50.     The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Approval Order and the Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements

executed in connection therewith to which Debtors are a party or parties or which has been assigned by Debtors to Special Funding in accordance with the Agreement, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Agreement, including retaining jurisdiction to (a) compel delivery of the Assets in accordance with the Agreement; (b) interpret, implement and enforce the provisions of this Approval Order; and (c) protect Special Funding against any Liens, Claims, Encumbrances and Interests in or against Debtors or the Assets of any kind or nature whatsoever, attaching to the proceeds of the Sale under the Agreement.

51.     Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Approval Order.

52.     All time periods set forth in this Approval Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**END OF ORDER**