**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **In re** <br><br> **FAMILY CHRISTIAN, LLC, *et al.*,**[1] <br><br> Debtors. | CHAPTER 11 <br><br> Case No. 15-00643-jtg <br><br> Hon. John T. Gregg |

**EMERGENCY MOTION OF GORDON BROTHERS RETAIL PARTNERS, LLC**
**AND HILCO MERCHANT RESOURCES, LLC**
**FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104(a)**

The contractual joint venture of Gordon Brothers Retail Partners, LLC and Hilco Merchant Resources, LLC ("GBH"), as a creditor and party in interest in this case, hereby moves for entry of an order, pursuant to § 1104(a) of the Bankruptcy Code, appointing a chapter 11 trustee. In support of this Motion, GBH respectfully states as follows:

**I.     FACTUAL BACKGROUND**

The factual predicate for this Motion consists of the evidence and arguments put on the record at the hearing held before the Court in this case on June 9, 2015 (the "Sale Hearing"). GBH incorporates by reference the transcript of the Sale Hearing, along with all exhibits entered into evidence at the Sale Hearing.

**II.    JURISDICTION AND VENUE**

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for this Motion is 11 U.S.C. § 1104(a)(1)-(2).

---

[1] The Debtors are: Family Christian, LLC; Family Christian Holding, LLC; and FCS Giftco, LLC.

#34221180 v1

### III. RELIEF REQUESTED

Pursuant to this Motion, GBH requests the appointment of a chapter 11 trustee, having no connections to the Debtors or their affiliates or other insiders, to manage the Debtors' estates, to take control of their assets and operations, and to control all decisions on behalf of the Debtors regarding the Debtors' involvement in this case, including without limitation the evaluation of existing bids and/or the conduct of any auction or other sale of the Debtors' assets.

GBH seeks this relief on an emergency basis (and will be filing a motion to shorten notice of and expedite the hearing on this Motion) because—as the Debtors themselves pointed out repeatedly at the Sale Hearing—we have here the proverbial "melting ice cube." Immediate action is necessary to preserve value for the Debtors' estates and their creditors.

### IV. BASIS FOR RELIEF

The Bankruptcy Code provides for the appointment of a trustee on two alternative grounds, both of which are satisfied here. Section 1104(a)(1) provides for the mandatory appointment of a trustee when "cause" exists. 11 U.S.C. § 1104(a)(1). Section 1104(a)(2) affords a court discretion to appoint a trustee in the absence of cause where such appointment is in the best interests of the parties. 11 U.S.C. § 1104(a)(2). As explained herein, not only does "cause" exist to appoint a trustee, but the appointment of a trustee will also result in a fair, unbiased and open bid evaluation and/or auction process that will maximize value for the estates and, accordingly, will also serve the best interests of all parties. Therefore, appointment of a trustee is warranted under both Section 1104(a)(1) and 1104(a)(2).

Courts will leave a debtor in possession of its business only where current management "can be depended upon to carry of the fiduciary responsibilities of a trustee."

*Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985). When a debtor-in-possession is incapable of performing these duties, or when creditors' confidence evaporates, a chapter 11 trustee must be appointed. *See In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 473 (3d Cir. 1998); *In re McCorhill Publ'g, Inc.*, 73 B.R. 1013, 1017 (Bankr. S.D. N.Y. 1987). "[I]n the appropriate case, the appointment of a trustee is a power which is critical for the Court to exercise in order to preserve the integrity of the bankruptcy process and to insure that the interests of creditors are served." *In re SunCruz Casinos, LLC*, 298 B.R. 821, 828 (Bankr. S.D. Fla. 2003) (quoting *In re Intercat*, 247 B.R. 911, 920 (Bankr. S.D. Ga. 2000)); *see also In re V. Savino Oil & Heating Co.*, 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989) ("Section 1104(a) represents a potentially important protection that courts should not lightly disregard or encumber with overly protective attitudes towards debtors-in-possession").

In considering requests for appointment of a chapter 11 trustee, bankruptcy courts eschew rigid absolutes and look to the practical realities and necessities of the case. *In re Adelphia Comm'ns Corp.*, 336 B.R. 610, 658 (Bankr. S.D.N.Y. 2006). In certain cases, as here, appointment of a chapter 11 trustee is a power that must be exercised in order to preserve the integrity of the bankruptcy process and to insure that the interests of creditors are protected. *In re Nartron Corp.*, 330 B.R. 573, 591-92 (Bankr. W.D. Mich. 2005).

### A. "Cause" is Present Under 11 U.S.C. § 1104(a)(1)

Section 1104(a)(1) provides that a chapter 11 trustee "shall" be appointed "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause …." 11 U.S.C. § 1104(a)(1). While Section 1104(a)(1) expressly identifies four bases upon which "cause" may be found, those enumerated grounds are not exclusive; additional grounds may be determined on a case-by-case basis. *See In re V. Savino Oil & Heating Co.*, 99

B.R. 518, 525 (Bankr. E.D.N.Y. 1989); *In re Sharon Steel Corp.,* 871 F.2d 1217, 1226 (3d Cir. 1989). Once a court finds that "cause" exists, a trustee shall be appointed; there is no discretion to deny relief. *See Sharon Steel Corp.*, 871 F.2d at 1226 (3d Cir. 1989); *V. Savino Oil*, 99 B.R. at 525; *In re Deena Packaging Indus., Inc.*, 29 B.R. 705, 706 (Bankr. S.D.N.Y. 1983).

"Cause" is clearly present in the instant case warranting appointment of a chapter 11 trustee pursuant to section 1104(a)(1) of the Bankruptcy Code. Although examples of "cause" as enumerated in section 1104(a)(1) include dishonesty, mismanagement and incompetence, these examples "cover a wide spectrum of conduct, and the court has broad discretion when applying such concepts to show cause." *Schuster v. Dragone*, 266 B.R. 268, 272 (D. Conn. 2001); *Marvel*, 140 F.3d at 472 ("It is significant that the language of § 1104(a)(1) does not promulgate an exclusive list of causes for which a trustee must be appointed" and holding that § 1104(a)(1) covers a "wide range of conduct."); *Official Comm. of Asbestos Personal Injury Claimants v. Sealed Air Corp. (In re W.R. Grace & Co.)*, 285 B.R. 148, 158 (Bankr. D. Del. 2002) ("cause under 11 U.S.C. § 1104(a)(1) may emerge from a wide variety of factual scenarios … [t]his would include … a breach of fiduciary duty owed by the debtor to creditors …"). A determination of whether "cause" is present depends, in part, upon: (i) evenhandedness or the lack thereof in dealing with insiders; (ii) conflicts of interest on the part of management interfering with its ability to fulfill fiduciary duties to the debtor, and (iii) self-dealing by management or waste or squandering of corporate assets. *In re Intercat, Inc.*, 247 B.R. 911, 921 (Bankr. S.D. Ga. 2000).

As debtors-in-possession, the Debtors and their management owe their fiduciary obligations to the estate and the creditors of the estate. *Wolf v. Weinstein*, 372 U.S. 633, 649 (1963) ("So long as the Debtor remains in possession, it is clear that the corporation bears

-4-

essentially the same fiduciary obligations to the creditors as does the trustee for the Debtor out of possession."); *Marvel*, 140 F.3d at 473 (holding that controlling interests of debtor "are technically and officially fiduciaries to all creditors"). It is clear that where a debtor's management is unable to meet its fiduciary obligations in a chapter 11 case, "cause" is present requiring appointment of a trustee. *In re IPofA W. Oaks Mall, LP*, 2007 Bankr. LEXIS 3737, *11-12 (Bankr. E.D. Va. Oct. 26, 2007); *In re Ford*, 36 B.R. 501, 504 (Bankr. W.D. Ky. 1983); *In re Clinton Centrifuge, Inc.*, 85 B.R. 980, 985 (Bankr. E.D. Pa. 1988) ("Among the sensible rationales offered for concluding that cause exists under § 1104(a)(1), is that the debtor entity is not being operated in a fiduciary capacity, by current management, for the benefit of all creditors and equity security holders.").

The court's decision in *In re Embrace Sys. Corp.*, 178 B.R. 112 (Bankr. W.D. Mich. 1995) provides further insight into the application of the "for cause" standard and is squarely on point. In *Embrace Sys. Corp.*, the court appointed a chapter 11 trustee upon the finding that the debtor's principal had an irreconcilable conflict on account of his interest in a non-debtor enterprise that was seeking to acquire technology owned by the debtor. *Id.* at 128. The court found that the debtor had acted unfairly and lacked good faith in pursuing a sale of the debtor's assets. *Id.* The court found that the debtor's principal was more interested in the success of the non-debtor enterprise rather than the debtor, and that an independent, disinterested person was necessary to manage the debtor and investigate various causes of action that may exist. *Id.* The court held that the underlying conflicts and self-dealing constituted sufficient "cause" for the appointment of a chapter 11 trustee. *Id.* at 129.

As established by the record in the Sale Hearing, a chapter 11 trustee is likewise needed in this case to act on behalf of the Debtors without improper influence from insider

constituencies. The record demonstrates that the Debtors, controlled by their insiders and management who are irreconcilably conflicted, are incapable of performing their fiduciary duties to maximize value for their estates and their creditors.

### B. Appointment of a Chapter 11 Trustee Would Serve the Interests of the Parties and the Estate Under 11 U.S.C. § 1104(a)(2)

Likewise, the conflicting loyalties of the Debtors and their management also demonstrate that appointment of a chapter 11 trustee would be in the best interests of creditors pursuant to section 1104(a)(2) of the Bankruptcy Code. Section 1104(a)(2) provides that a chapter 11 trustee "shall" be appointed "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate …." 11 U.S.C. § 1104(a)(2).

A trustee may be appointed under subsection (a)(2) "even when no 'cause' exists." *Sharon Steel*, 871 F.2d at 1226. Rather than examining the presence of "cause," the appointment of a trustee pursuant to section 1104(a)(2) of the Bankruptcy Code looks "to the practical realities and necessities" of the case. *In re Euro-American Lodging Corp.*, 365 B.R. 421, 428 (Bankr. S.D.N.Y. 2007) (holding that "it seems that § 1104(a)(2) reflects 'the practical reality that a trustee is needed'."). Even absent a finding of "cause," a bankruptcy court should appoint an impartial trustee when it determines that to do so would serve the interests of creditors. *In re Nat'l Staffing Servs., LLC*, 338 B.R. 31, 33 (Bankr. N.D. Ohio 2005) (holding that § 1104(a)(2) envisions a flexible standard and an equitable approach, affording the bankruptcy court the discretion to appoint a trustee when to do so would serve the parties' and estate's interests); *In re 1031 Tax Group, LLC*, 374 B.R. 78, 90 (Bankr. S.D.N.Y. 2007) (same).

Where the debtor and its managers are hopelessly conflicted such that their ability to discharge duties to the estate and creditors is impaired, a trustee should be appointed. *In re Euro American Lodging Corp.*, 365 B.R. 421, 428 (Bankr. S.D.N.Y. 2007) ("Where [debtor and

managers] suffer from material conflicts of interest, an independent trustee should be appointed under § 1104(a)(2)"); *see also In re Microwave Prods. of Am., Inc.*, 102 B.R. 666, 676 (Bankr. W.D. Tenn. 1989) (appointing chapter 11 trustee where debtor was not in a "strong posture" to pursue possible claims due to a conflict of interest); *In re Humphreys Pest Control Franchises, Inc.*, 40 B.R. 174, 176-77 (Bankr. E.D. Pa. 1984) (holding that an independent trustee was needed to protect the interests of creditors where officers and directors of parent corporation were same individuals as the officers and principals of debtor).

There is no doubt that appointment of a chapter 11 trustee would serve the interests of the Debtors' estates and their creditors. The divided loyalties of the Debtors and their management have resulted in a fatally flawed auction process that was rigged from the start to benefit insiders at the expense of the estates. Creditors will benefit from the appointment of a neutral third party to manage the Debtors' estates, evaluate the current bids for the Debtors' assets and (if reopened) control the auction process, maximize value and ensure that distributions to creditors are made fairly and in accordance with the Bankruptcy Code.

## V.   CONCLUSION

As demonstrated by the record of the Sale Hearing, the Debtors and their management are laboring under irreconcilable conflicts of interest that prevent the Debtors from carrying out their fiduciary duties as a debtors-in-possession.  The manifestations of that conflict are apparent in the Debtors' failure to conduct a fair, unbiased and open auction process, their effort to provide improper releases to their own insiders, and their attempt to confirm a *sub rosa* plan disguised as a § 363 sale.  The conflict is directly contrary to the best interests of the Debtors' estates and their creditors, fails to maximize the value of the estates and is fundamentally at odds with the bankruptcy process.  For the reasons stated herein, cause is

present to require appointment of a neutral and independent chapter 11 trustee and such appointment would likewise be in the best interests of creditors.

WHEREFORE, GBH respectfully requests that this Court enter an order (a) granting this Motion; (b) appointing a chapter 11 trustee, and (c) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated:  June 10, 2015 | Respectfully submitted,<br><br>PEPPER HAMILTON LLP<br><br>/s/ Deborah Kovsky-Apap<br>Deborah Kovsky-Apap<br>Robert S. Hertzberg<br>PEPPER HAMILTON LLP<br>4000 Town Center, Suite 1800<br>Southfield, MI 48075<br>Tel: 248.359.7300<br>Fax: 248.359.7700<br>kovskyd@pepperlaw.com<br>hertzbergr@pepperlaw.com<br><br>*Counsel for Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC* |

-9-

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2015, the foregoing *Emergency Motion of Gordon Brothers Retail Partners, LLC and Hilco Merchant Resources, LLC for Appointment of a Chapter 11 Trustee Under 11 U.S.C. § 1104(a)* was filed with the Court using the ECF sytem which will send notice of such filing to all interested parties registered to receive notice.


Dated: June 10, 2015                                /s/ Deborah Kovsky-Apap
                                                    Deborah Kovsky-Apap

#34221180 v1