UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | CHAPTER 11 |
| **FAMILY CHRISTIAN, LLC** *et al.* [1] | CASE NO. 15-00643-jtg<br>(Jointly Administered) |
| **Debtors.** | |
| / | HON. JOHN T. GREGG |

**ORDER (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) SCHEDULING DISCLOSURE STATEMENT AND PLAN CONFIRMATION HEARING AND APPROVING FORM AND MANNER OF RELATED NOTICE AND OBJECTION PROCEDURES, (IV) APPROVING PROCEDURES AND DEADLINES CONCERNING EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (V) APPROVING SOLICITATION PACKAGES AND PROCEDURES AND DEADLINES FOR SOLICITING, RECEIVING AND TABULATING VOTES ON THE PLAN, AND (VI) APPROVING THE FORMS OF BALLOTS, AND RELATED RELIEF**

Before the Court is the motion (the "Motion") of the above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), for entry of an order, pursuant to sections 105, 1124 through 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of Michigan (the "Local Rules") (i) conditionally approving the Disclosure Statement for the Debtors' Second Amended Joint Plan of Reorganization filed in these cases (as it may be amended, supplemented or modified from time to time, the "Disclosure Statement") as containing adequate information, (ii) fixing a record date (the "Voting Record Date") for voting on the Debtors' Second Amended Joint Plan of

---

[1] The Debtors are: Family Christian, LLC (Case No. 15-00643-jtg), Family Christian Holding, LLC (Case No. 15-00642-jtg), and FCS Giftco, LLC (Case No. 15-00644-jtg).

2440944v7

Reorganization filed in these Cases (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "Plan"), (iii) scheduling a date for the hearing to consider final approval of the Disclosure Statement and confirmation of the Plan (the "Confirmation Hearing") and approving the form and manner of the related notice and objection procedures for the Confirmation Hearing, (iv) approving certain procedures and deadlines concerning executory contracts and unexpired leases, (v) approving the proposed contents of the solicitation and nonvoting packages (the "Solicitation and Nonvoting Packages") and establishing solicitation, voting, and tabulating procedures with respect to the Plan, and (vi) approving the forms of ballots for Voting Classes, and related relief; and upon consideration of the record of these chapter 11 Cases.  An objection to the Motion was filed by the United States Trustee (the "U.S. Trustee") [Dkt. No. 977], and a joinder to that objection was filed by Bridgestone Multimedia Group/Alpha Omega Publications ("Bridgestone") [Dkt. No. 978].

A hearing on the Motion was held by the Court on July 10, 2015 (the "Hearing").  It appearing to the Court that (a) the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157; (b) the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2); (c) venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (d) due and adequate notice of the Motion has been given under the circumstances, and no other or further notice need be given; and (e) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation of the record and based upon the bench opinion and reasons announced by the Court in open court, it is hereby

**ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.     The Motion is GRANTED as set forth herein, and all objections to the Motion are overruled and denied.

2.     Any and all objections to conditionally approving of the Disclosure Statement, to the extent not previously resolved or withdrawn, are overruled in their entirety.

3.     The Disclosure Statement conditionally contains adequate information as required by Bankruptcy Code Section 1125 and is hereby conditionally approved. The Debtors are authorized to distribute, or cause to be distributed, the Disclosure Statement and Solicitation and Nonvoting Packages in order to solicit votes on, and pursue final approval of the Disclosure Statement and confirmation of the Plan.  Prior to the Solicitation Date, the Debtors are also authorized to make additional correcting, conforming and finalizing changes to the Disclosure Statement or Plan.

4.     The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

5.     The contents of the Solicitation and Nonvoting Packages, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims against and Interests in the Debtors.

6.     The notice of the Confirmation Hearing, substantially in the form attached hereto as Exhibit 1 (the "Plan Procedures Notice") complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d) and is approved.

7.     Epiq Bankruptcy Solutions, LLC shall serve as the "**Voting Agent**" in these cases and all original ballots shall be sent directly to the Voting Agent at (i) Family Christian, LLC

Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, P.O. Box 4422, Beaverton, OR 97076-4422 if by first-class mail, or (ii) Family Christian, LLC Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 10300 SW Allen Blvd, Beaverton, OR 97005, if by personal delivery or overnight courier.  The Court previously authorized the retention of the Voting Agent to act as agent for "balloting agent services" in these cases.  (Dkt. No. 552).

8. The Ballots, substantially in the forms attached hereto as <u>Exhibits 2-5</u> are approved.

9. The Cure Notice regarding the potential assumption and assignment of executory contracts and leases substantially in the form attached hereto as <u>Exhibit 6</u> is approved.

10. The Voting Record Date with respect to Holders of Claims shall be July 10, 2015. The Voting Record Date shall be used for purposes of determining: (i) the Holders of Claims in the Voting Classes, who will receive Solicitation Packages and are entitled to vote to accept or reject the Plan, (ii) the Holders of Claims and Interests in the Non-Voting Classes, who will receive Nonvoting Packages but are not entitled to vote to accept or reject the Plan; (iii) the amount of each Holder's Claim for solicitation and voting purposes; and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Claim Holder) can vote to accept or reject the Plan as the Holder of a Claim.  With respect to transferred Claims, if any, (i) if the notice of transfer required by Bankruptcy Rule 3001(e) is filed on or before the Voting Record Date, the Solicitation Package will be mailed to the transferee in accordance with the notice of transfer, and the transferee will be entitled to cast a Ballot to accept or to reject the Plan (if such Claim is in a Voting Class), and (ii) if the notice of transfer is filed after the Voting Record Date, then the Solicitation Package will be mailed to the original or immediately preceding Claim

Holder, and such Claim Holder will be entitled to cast a Ballot to accept or to reject the Plan (if such Claim is in a Voting Class).

11. The Debtors are authorized to distribute, or cause to be distributed, by first-class mail to each Holder of a Claim that is entitled to vote in one of the voting classes as of the Voting Record Date a Solicitation Package containing the following:

    a) The Disclosure Statement, including the Plan, APA and all other Exhibits annexed thereto;

    b) The Plan Procedures Order (excluding exhibits);

    c) The Plan Procedures Notice, which includes a summary of the plan;

    d) Ballots to be used in voting to accept or to reject the Plan, and applicable Voting Instructions;

    e) Letters supporting confirmation of Plan by the Debtors and/or the Committee; and

    f) A pre-addressed return envelope.

12. The Debtors are authorized (but not required) to distribute the Disclosure Statement (together with all exhibits thereto, including the Plan and the APA) in CD format in lieu of paper format.

13. The Debtors shall cause notice of the time fixed for filing objections to the Plan and for the date of the Confirmation Hearing to be served upon the nonvoting classes and all creditors, equity holders and parties in interest that are not otherwise entitled to vote and do not otherwise receive a Solicitation Package, by serving upon such persons the Nonvoting Package containing the following:

    a) The Plan Procedures Notice; and

b) The Notice of Nonvoting Status (substantially in the form attached hereto as Exhibit "7").

14. The Debtors are authorized to mail a complete copy of the Solicitation Package (excluding ballots) to the U.S. Trustee, and any state federal or state governmental units having a specific interest in these Cases, such as the Federal Trade Commission or the Securities and Exchange Commission, if applicable, but excluding state or local tax jurisdictions whose interests are merely those of creditors with tax claims that are not otherwise entitled to a Solicitation Package.

15. The Debtors shall complete, or cause to be completed, the distribution of the appropriate Solicitation or Nonvoting Packages to all Holders of Claims or Interests as well as parties in interest no later than **July 15, 2015** (the "Solicitation Date").

16. The Debtors shall not be required to mail the Solicitation Packages and Non-Voting Packages to any Holders of Claims or Interests, as applicable, that have listed addresses that have previously been determined to be undeliverable, unless the Debtors (through the Voting Agent) are provided with an accurate address for each Claim or Interest Holder's previously undeliverable address not less than five (5) calendar days prior to the Solicitation Date.

17. The deadline by which all Ballots must be properly executed, completed, delivered to, and actually received by the Voting Agent shall be **August 7, 2015 at 4:00 p.m**. (prevailing Eastern Time) (the "Voting Deadline"), provided, however, that the Debtors are permitted, in their sole discretion, to extend the Voting Deadline at any time before or after the Voting Deadline, on behalf of any individual voter or any voting Class, as facts and circumstances may require.

18. Each Holder of a Claim in a Voting Class shall be entitled to vote the amount of its Claim as of the Voting Record Date. Votes to accept or reject a Plan by Holders of Claims against a particular Debtor shall be tabulated on a consolidated basis as if there is only one debtor. For purposes of voting on the Plan, with respect to all Holders of Claims against the Debtors, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

a) The amount of the Claim listed in each of the applicable Debtor's Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined or disputed or in the amount of $0.00, (ii) no Proof of Claim has been timely filed (or otherwise deemed timely filed under applicable law), (iii) such Claim has not been satisfied by the Debtors, or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

b) The undisputed, non-contingent and liquidated amount specified in a Proof of Claim against a particular Debtor or Debtors timely filed with the Court or the Voting Agent by the Voting Record Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed at least ten (10) days before the Voting Deadline (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

c) If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018.

d) Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown or uncertain amount that is not the subject of a claim objection filed at least ten (10) days before the Voting Deadline shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only.

e) Except as otherwise provided in subsection (c) hereof, with respect to a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed at least ten (10) days before the Voting Deadline, the Ballot will not be counted for voting purposes.

f) Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtors have requested that a Claim be

reclassified and/or allowed in a fixed, reduced amount pursuant to a claim objection to such Claim, the Ballot of the Holder of such Claim shall be counted in the reduced amount as determined by the Court at or before the Confirmation Hearing.

  g) Notwithstanding anything to the contrary contained herein, to the extent that a Creditor holds identical and/or duplicate Claims against two or more Debtors (by virtue of one or more timely-filed Proofs of Claim, the Schedules of one or more Debtors, or a combination of both), the amount of such Claim shall be counted only once and not aggregated in duplicate amounts for voting purposes.

19. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

  h) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor against a Debtor in each Voting Class will be aggregated as if such Creditor held a single Claim against the Debtor in such Voting Class, and the votes related to those Claims shall be treated as a single vote on the Plan.

  i) Creditors with multiple Claims within a particular Voting Class must vote all such Claims in any such Voting Class to either accept or reject the Plan, and may not split their vote(s) within a Voting Class. Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the same Voting Class will not be counted.

  j) In the event a Claim is transferred after the transferor has executed and submitted a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

  k) The delivery of a Ballot will be deemed made only when the Voting Agent has actually received the original, executed Ballot.

  l) If a Holder of a Claim casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last properly-executed Ballot received before the Voting Deadline shall supersede and revoke any earlier-received Ballot, and only the last Ballot received before the Voting Deadline shall be counted.

  m) If a Holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted.

n)      Except as otherwise provided in subsection (j) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline The Debtors' right to contest the validity of any such withdrawals of Ballots is expressly reserved.

o)      If no Holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan will be deemed accepted by the Holders of such Claims in such Class.

20.     The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

p)      Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan.

q)      Any Ballot received after the Voting Deadline, except by order of the Bankruptcy Court or if the Debtors, in their sole discretion, have granted an extension of the Voting Deadline with respect to such Ballot.

r)      Any Ballot containing a vote that the Bankruptcy Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code.

s)      Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder.

t)      Any Ballot cast by an Entity that does not hold a Claim in a voting Class.   w.      Any unsigned Ballot or Ballot without an original signature.


21.     Subject to Court approval, the Debtors are authorized (a) to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, be unlawful, and (b) to waive any defects or irregularities or conditions of delivery as to any particular Ballot.  The interpretation of all balloting rules and procedures (including the

Ballot and the respective instructions thereto) by the Voting Agent and the Debtors, unless otherwise directed by the Bankruptcy Court, will be final and binding on all parties. Unless waived, any defects or irregularities in connection with deliveries of ballots must be cured within such time as the Debtors (or the Bankruptcy Court) determine. Neither the Debtors nor any other person will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Bankruptcy Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will be invalidated.

22. The Voting Agent shall file its Voting Report by **August 10, 2015 at 12:00 pm (Eastern)**, verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan. The Voting Report will, among other things, describe every Ballot that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged.

23. The Debtors are authorized to serve Cure Notices by **July 15, 2015**, to each of the counterparties to contracts or leases that the Debtors may seek to assume and assign to FCSA. The Cure Notices will include the following information: (i) the title of the contract or lease that may be assumed; (ii) the name of the counterparty to the contract or lease; (iii) any applicable estimated cure and reinstatement costs or expenses payable by the Debtors in connection with the proposed assumption of such contract or lease (the "<u>Cure Costs</u>"); (iv) a contact for adequate

assurance questions or information; and (v) that Assumption Objections must be filed with the Court by **August 7, 2015 at 12:00 p.m.** (prevailing Eastern Time).

24. Any counterparty to a contract or lease that previously filed an objection to the Cure Costs or to the assumption and assignment of their contract or lease is entitled to rely on their prior filing without the need to file a new objection.

25. If no Assumption Objection is timely filed with respect to a contract or lease, the counterparty to such Designated Contract shall be deemed to have consented to the assumption and assignment of the contract or lease and the Cure Costs proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or FCSA; provided, however, that the counterparty to such contract or lease may seek additional amount(s) on account of any defaults occurring between the filing of the Cure Notice and the occurrence of the Effective Date of the Plan.

26. The date set for the Confirmation Hearing shall be **August 11, 2015 at 10:00 a.m**. (prevailing Eastern Time).

27. The deadline for filing and serving objections to the Disclosure Statement and/or confirmation of the Plan shall be **August 7, 2015 at 12:00 p.m.** (prevailing Eastern Time) (the "<u>Objection Deadline</u>"). Objections must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any Objection; and (iv) be filed with the Bankruptcy Court and served on the following parties by the Objection Deadline: (A)  Debtors c/o Family Christian, LLC, Attn:  Chuck Bengochea, CEO, 5300 Patterson Avenue, SE, Grand Rapids, MI 49530, Email:  chuck.bengochea@familychristian.com; (B) Debtors' counsel, Keller & Almassian, PLC,

Attn: A. Todd Almassian, Esq. and Greg J. Ekdahl, Esq., 230 East Fulton Street, Grand Rapids, MI 49503, Email: talmassian@kalawgr.com and gekdahl@kalawgr.com, and Burr Forman LLP, Attn: Erich Durlacher, Esq. and Brad Baldwin, Esq., 171 17th Street, NW, Suite 1100, Atlanta, GA 30363, Email: edurlacher@burr.com and bbaldwin@burr.com; (C) Creditors' Committee counsel, Fox Rothschild LLP, Attn: Michael G. Menkowitz, Esq. and Paul J. Labov, Esq., 2000 Market Street, 20th Floor, Philadelphia, PA 19103, Email: mmenkowitz@foxrothschild.com and plabov@foxrothschild.com; (D) counsel to FC Special Funding, LLC, Thompson Hine, LLC, Attn: John F. Isbell, Esq. and Scott B. Lepene, Esq., 3560 Lenox Road, Suite 1600, Atlanta, GA 30326, Email: john.isbell@thompsonhine.com and scott.lepene@thompsonhine.com; and (E) counsel to the Buyer, Kilpatrick Townsend & Stockton LLP, Attn: Todd C. Meyers, Esq. and Paul M. Rosenblatt, Esq., 1100 Peachtree Street, Suite 2800 Atlanta, Georgia 30309-4530, Email: tmeyers@kilpatricktownsend.com and prosenblatt@kilpatricktownsend.com.

28. The Debtors or any other party supporting approval of the Disclosure Statement and confirmation of the Plan are authorized to file a response to any Objections no later than **August 10, 2015 at 12:00 p.m**. (prevailing Eastern Time). At that time, the Debtors shall also file their proposed findings of fact and conclusions of law in support of final approval of the Disclosure Statement and confirmation of the Plan together with a form of order approving the Disclosure Statement and confirming the Plan.

29. Copies of the Plan and all pleadings and orders of this Court shall be publicly available free of charge from the Voting Agent: http://dm.epiq11.com/FCL/Project#.

30. Notification of the relief granted in this Order as provided herein is fair and reasonable and is approved, and will provide good, sufficient, and proper notice to all creditors of

their obligations in connection with Claims they may have against any of the Debtors in these Cases.

31.     The Debtors are authorized to make non-substantive or immaterial changes to the Plan and Disclosure Statement and all related documents (including, without limitation, all exhibits thereto) without further order of the Court, including, without limitation, (i) making ministerial changes to correct typographical and grammatical errors, and making conforming changes among the Disclosure Statement, the Plan, the Ballots, and any other materials in the Solicitation and Nonvoting Packages prior to mailing as may be appropriate; and (ii) altering the format of such documents to facilitate their prompt and economical distribution (e.g., if applicable, single spacing the documents, removing pleading lines, and the like).

32.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

[ this space intentionally blank]

33. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

**END OF ORDER**

Prepared and submitted by:

KELLER & ALMASSIAN, PLC
A. Todd Almassian (P55467)
Greg J. Ekdahl (P67768)
230 East Fulton Street
Grand Rapids, MI 49503
(616) 364-2100
ecf@kalawgr.com

- and -
BURR & FORMAN LLP
Erich Durlacher (Ga Bar No. 235563)
Brad Baldwin (Ga Bar No. 034220)
171 17th Street, N.W. - Suite 1100
Atlanta, Georgia 30363
(404) 815-3000
*Attorneys To The Debtors*

**Signed: July 10, 2015**




John T. Gregg
United States Bankruptcy Judge