UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **FAMILY CHRISTIAN, LLC** *et al.* [1] | **CASE NO. 15-00643-jtg** |
| | **(Jointly Administered)** |
| **Debtors.** | |
| _____ / | **HON. JOHN T. GREGG** |

## DECLARATION OF STEPHENIE KJONTVEDT ON BEHALF OF EPIQ BANKRUPTCY SOLUTIONS, LLC REGARDING VOTING AND TABULATION OF BALLOTS ACCEPTING AND REJECTING THE DEBTORS' THIRD AMENDED JOINT PLAN OF LIQUIDATION

I, Stephenie Kjontvedt, declare, under penalty of perjury:

1. I am a Vice President, Senior Consultant at Epiq Bankruptcy Solutions, LLC ("Epiq") located at 777 Third Avenue, New York, New York 10017. I am over the age of 18 years and do not have a direct interest in these chapter 11 cases.

2. I submit this Declaration with respect to the *Debtors' Third Amended Joint Plan of Liquidation,* dated July 13, 2015 [Docket No. 991] (as may be amended or modified, the "Plan").[2] Except as otherwise indicated, all facts set forth herein are based upon my personal knowledge or my review of relevant documents. If I were so called to testify, I could and would testify competently as to the facts set forth herein.

3. In accordance with the (a) *Order Authorizing Retention and Appointment of Epiq Bankruptcy Solutions, LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c) and Bankruptcy Rule 2002(f)*, filed April 7, 2015 [Docket No. 552]; and (b) *Order (I) Conditionally*

---

[1] The Debtors are: Family Christian, LLC (Case No. 15-00643-jtg), Family Christian Holding, LLC (Case No. 15-00642-jtg), and FCS Giftco, LLC (Case No. 15-00644-jtg).

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Plan or the Procedures Order (as defined below).

*Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Scheduling Disclosure Statement and Plan Confirmation Hearing and Approving Form and Manner of Related Notice and Objection Procedures, (IV) Approving Procedures and Deadlines Concerning Executory Contracts and Unexpired Leases, (V) Approving Solicitation Packages and Procedures and Deadlines for Soliciting, Receiving and Tabulating Votes on the Plan, and (VI) Approving the Forms of Ballots, and Related Relief*, filed July 10, 2015 [Docket No. 988] (the "Procedures Order") Epiq was appointed to assist the Debtors in connection with, *inter alia,* soliciting, receiving, and tabulating Ballots accepting or rejecting the Plan.

4. Pursuant to the Plan only holders of Claims in the following classes (collectively, the "Voting Classes") were entitled to vote to accept or reject the Plan:

| Class | Description |
|---|---|
| Class 2 | Senior Lender Secured Claim |
| Class 3 | Term Lender Secured Claim |
| Class 4 | Consignment Claims |
| Class 7 | Unsecured Claims |

5. The procedures for the solicitation and tabulation of votes on the Plan are outlined in the Procedures Order. Epiq was instructed to solicit, review, determine the validity of, and tabulate Ballots submitted to vote for the acceptance or rejection of the Plan by the holders of Claims in the Voting Classes in accordance with the Procedures Order.

6. As specified in the Procedures Order, July 10, 2015 was established as the record date for determining the Holders of Claims in the Voting Classes entitled to vote to on the Plan (the "Voting Record Date").

7. In accordance with the Procedures Order, Epiq solicited the Holders of Claims in the Voting Classes as of the Voting Record Date and Epiq's *Affidavit of Service of Solicitation Materials* was filed with this Court on July 22, 2015 [Docket No. 1015].

8. Ballots returned by mail, hand delivery, or overnight courier were received by personnel of Epiq at its offices in Beaverton, Oregon. All Ballots received by Epiq were date-stamped upon receipt and were processed in accordance with the Procedures Order.

9. In order for a Ballot to be counted as valid and included in the tabulation of votes, the Ballot must have been properly completed in accordance with the instructions on Ballot and the Procedures Order and have been executed by the relevant holder or such holder's authorized representative, and must have been received by Epiq no later than 4:00 p.m. (prevailing Eastern Time) on August 7, 2015 (the "Voting Deadline").

10. All validly executed Ballots cast by Holders of Claims in Voting Classes received by Epiq on or before the Voting Deadline were tabulated as outlined in the Procedures Order. I declare that the results of the voting by Holders of Claims in the Voting Classes are as set forth in Exhibit A hereto, which is a true and correct copy of the final tabulation of votes cast by timely and properly executed Ballots received by Epiq.

11. A supplemental declaration will be filed subsequently with further detail.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 10, 2015
New York, New York

Stephenie Kjontvedt
Vice President, Senior Consultant
Epiq Bankruptcy Solutions, LLC

4

# **Exhibit A**

# EXHIBIT A

**FAMILY CHRISTIAN, LLC *et al.***
Tabulation Summary

| VOTING CLASS | TOTAL BALLOTS COUNTED | | | |
|---|---|---|---|---|
| | ACCEPT | | REJECT | |
| | AMOUNT | NUMBER | AMOUNT | NUMBER |
| **Class 2** Senior Lender Secured Claim | $23,755,610.16 **100.00%** | 1 **100.00%** | $0.00 **0.00%** | 0 **0.00%** |
| **Class 3** Term Lender Secured Claim | $6,000,000.00 **100.00%** | 1 **100.00%** | $0.00 **0.00%** | 0 **0.00%** |
| **Class 4** Consignment Claims | $21,480,034.87 **99.94%** | 60 **96.77%** | $13,377.96 **0.06%** | 2 **3.23%** |
| **Class 7** Unsecured Claims | $56,709,899.88 **99.85%** | 101 **95.28%** | $83,657.11 **0.15%** | 5 **4.72%** |